**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RIBAPHARM, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 02-CV-3231 |
| | : | |
| THREE RIVERS PHARMACEUTICALS, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of plaintiff's Motion for Expedited Discovery Concerning Venue, it is hereby ORDERED that the motion is GRANTED.

It is further ORDERED that Defendant's Motion to Dismiss for Improper Venue ("Defendant's Motion") is hereby STAYED in accordance with this Order and that the following schedule shall apply to expedited discovery:

1.    Plaintiff may serve upon defendant discovery requests concerning the issue of whether venue in this matter is appropriate in the Eastern District of Pennsylvania, including interrogatories and requests for production of documents and things pursuant to Fed. R. Civ. P. 33 and 34, respectively, within twenty (20) days of the date of this Order;

2.    Defendant shall respond to plaintiff's discovery requests within ten (10) days of plaintiff's service of its discovery requests;

3.    Beginning after defendant provides full and complete responses to plaintiff's discovery requests and continuing for ten (10) days thereafter, plaintiff may conduct depositions

concerning the issue of whether venue in this matter is appropriate in the Eastern District of Pennsylvania; and

      4.     Within fifteen (15) days of completing its depositions, plaintiff may file its response to Defendant's Motion, after which the Court shall schedule oral argument on Defendant's Motion.

      The time periods set forth herein supercede those set forth in the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Pennsylvania, including without limitation, Local Rule 7.1.

BY THE COURT:

_____

                                       Schiller, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RIBAPHARM, INC.,                                      :
                                                     :
                        Plaintiff,                   :
                                                     :
            v.                                       :        CIVIL ACTION NO.: 02-CV-3231
                                                     :
THREE RIVERS PHARMACEUTICALS, LLC,                   :
                                                     :
                        Defendant.                   :

**MOTION OF PLAINTIFF RIBAPHARM, INC.**
**FOR EXPEDITED DISCOVERY CONCERNING VENUE**

Plaintiff Ribapharm, Inc. ("Ribapharm"), by its undersigned attorneys, respectfully

requests that this Court enter an Order staying consideration of Defendant's Motion to Dismiss

for Improper Venue ("Defendant's Motion") and permitting expedited discovery on the issue of

venue raised in Defendant's Motion.  In that regard, plaintiff requests that the Court order

defendant to respond to this motion for expedited discovery within three (3) days of service.[1]

(On the issue of venue, plaintiff intends to file a motion requesting that the Court, in the

event it were to find that venue for this matter is improper in the Eastern District of

Pennsylvania, not dismiss this action, but rather transfer it pursuant to 28 U.S.C. § 1404.)

---

[1] In the event that the Court denies Ribapharm's Motion for Expedited Discovery, Ribapharm
respectfully requests permission to file a response to Defendant's Motion within 14 days of the
issuance of the Court's Order denying its motion, pursuant to Local Rule 7.1.

The grounds for this motion are further set forth in the accompanying memorandum of law.

Respectfully submitted,

Dated: June 28, 2002

_____

Leonard A. Busby, Pa. I.D. No. 28454
Francis P. Newell, Pa. I.D. No. 22277
Michael K. Twersky, Pa. I.D. No. 80568
123 South Broad Street, 24th Fl.
Philadelphia, PA 19109
Telephone:  215-772-1500
Facsimile:  215-772-7620

Robert D. Fish, Ca. State Bar # 14911
S. Daniel Harbottle, Ca. State Bar # 156442
Costa Mesa, California 92626-1998
Telephone:  714-641-5100
Facsimile:  714-546-9035

Of Counsel:

Montgomery, McCracken,
  Walker & Rhoads, LLP

Rutan & Tucker, LLP

Attorneys for Plaintiff,
Ribapharm, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIBAPHARM, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 02-CV-3231 |
| | : | |
| THREE RIVERS PHARMACEUTICALS, LLC, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION OF PLAINTIFF RIBAPHARM, INC.
## FOR EXPEDITED DISCOVERY CONCERNING VENUE

### INTRODUCTION

Plaintiff Ribapharm, Inc. ("Ribapharm"), through its undersigned counsel, submits this memorandum of law in support of its motion for an Order staying consideration of Defendant's Motion to Dismiss for Improper Venue ("Defendant's Motion") and for expedited discovery on the issue of venue raised in Defendant's Motion. In that regard, plaintiff requests that the Court order defendant to respond to this motion for expedited discovery within three (3) days of service.[1]

(On the issue of venue, plaintiff intends to file a motion requesting that the Court, in the event it were to find that venue for this matter is improper in the Eastern District of Pennsylvania, not dismiss this action, but rather transfer it pursuant to 28 U.S.C. § 1404.)

---

[1] In the event that the Court denies Ribapharm's Motion for Expedited Discovery, Ribapharm respectfully requests permission to file a response to Defendant's Motion within 14 days of the issuance of the Court's Order denying its motion, pursuant to Local Rule 7.1.

## LEGAL ARGUMENT

Defendant's Motion, filed on June 24, 2002, claims that this case was filed inappropriately in the Eastern District of Pennsylvania.  In support of its Motion, defendant relies upon the Declaration of Donald J. Kerrish (the "Declaration"), defendant's President and Chief Executive Officer.  Defendant's Motion at Exhibit A, Declaration ¶ 1.  The Declaration contains a number of conclusory assertions, which, defendant claims, demonstrate that venue is improper in this judicial district.  See Defendant's Motion at 8.

In order to determine whether venue is proper, a court must determine the extent of the defendant's relationship and contact with the district in which the litigation is brought.  See 28 U.S.C. §§ 1391(c) and 1400; 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3823 (2d ed. 1986); Defendant's Motion at 6-10.  Indeed, commentators suggest that the inquiry to be conducted is identical to the inquiry used for personal jurisdiction.  See Federal Practice and Procedure § 3823 ("Several cases have held that the 1988 amendment of 28 U.S.C.A. § 1391(c), allowing suit against a corporation to be brought in any district in which personal jurisdiction can be obtained over the corporation, applies to patent-infringement cases just as to others").  See also Defendant's Motion at 8.  Because such an inquiry is necessarily fact based, courts routinely permit plaintiffs to conduct discovery concerning defendant's contact with the district.  See, e.g., Renner v. Lanard Toys Limited, 33 F.3d 277, 283-84 (3d Cir. 1994); Empire Abrasive Equip. Corp. v. H.H. Watson, Inc., 567 F.2d 554, 558-559 (3d Cir. 1977); Aeropulse Inc. v. Harold MacQuinn Inc., Civ. No. 85-4869, 1985 WL 3846 (E.D. Pa.  Nov. 25, 1985); Baby Boom Gifts, Inc. v. Luv N' Care, Ltd., Civ. No. 98-8615 (JGK), 1999 WL 825609, *2 (S.D.N.Y. Oct. 15, 1999); Sperberg v. Firestone Tire & Rubber Co., 61 F.R.D. 70, 74 (N.D. Ohio 1973).

In <u>Sperberg</u>, a case with strikingly similar facts to the one pending before this Court, plaintiff filed a patent infringement action against several tire manufacturers.  61 F.R.D. at 71.  One of the defendants, Uniroyal Tire Company ("Uniroyal"), filed a motion to dismiss the complaint based on improper venue.  <u>Id.</u> at 72.  Plaintiff claimed that venue was properly asserted in the Northern District of Ohio and propounded discovery requests on Uniroyal to demonstrate that fact.  <u>Id.</u>  The district court, recognizing the need for plaintiff to "have the opportunity to develop through discovery the necessary facts to support this contention," allowed plaintiff to conduct expedited discovery on the issue of whether venue was properly asserted.  <u>Id.</u> at 74.

Similarly, the Third Circuit has repeatedly held that expedited discovery is appropriate to determine jurisdictional issues.  In both <u>Renner</u> and <u>Empire Abrasive</u>, the Third Circuit reversed the district courts' dismissal of complaints where the plaintiffs were not permitted to conduct discovery concerning defendants' contacts with the forum.  <u>Renner</u>, 33 F.3d at 283-84; <u>Empire Abrasive</u>, 567 F.2d at 559.  As the court noted, plaintiffs "need not accept [a defendant's] analysis of the facts without a chance to probe further.  <u>They are entitled to conduct discovery into the jurisdictional facts</u>."  <u>Renner</u>, 33 F.3d at 283 (emphasis added).

As the Third Circuit has noted, Ribapharm "need not accept" the conclusory statements set forth in defendant's Declaration.  <u>See</u> <u>Renner</u>, 33 F.3d at 283.  Instead, Ribapharm is entitled to investigate and discover whether sufficient facts exists to demonstrate that venue is appropriate in the Eastern District of Pennsylvania.  Accordingly, expedited discovery is necessary in this case for Ribapharm to prepare its response to Defendant's Motion and test the assertion that plaintiff's choice of venue is inappropriate.

The discovery that Ribapharm proposes – interrogatories, document requests and depositions – will be narrowly tailored to address the issue of venue and, with defendant's cooperation, can be accomplished without any significant delay to the proceedings. Indeed, it is anticipated that the limited discovery on venue will proceed expeditiously given that the parties here already are cooperating on discovery matters related to an action brought by Schering Corporation against Three Rivers Pharmaceuticals, LLC ("Three Rivers") in the Western District of Pennsylvania. In that matter, ICN/Ribapharm expect to produce to Three Rivers at the end of next week a disk containing images of approximately six boxes of documents. Furthermore, in the instant action before this Court, counsel for the parties already are discussing a resolution of Ribapharm's request for expedited discovery and intend to report to the Court shortly regarding such progress.

812973v1

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests this Court to grant its motion and enter an Order in the form attached hereto.

Respectfully submitted,

Dated: June 28, 2002

_____
Leonard A. Busby, Pa. I.D. No. 28454
Francis P. Newell, Pa. I.D. No. 22277
Michael K. Twersky, Pa. I.D. No. 80568
123 South Broad Street, 24th Fl.
Philadelphia, PA 19109
Telephone: 215-772-1500
Facsimile: 215-772-7620

Robert D. Fish, Ca. State Bar # 14911
S. Daniel Harbottle, Ca. State Bar # 156442
Costa Mesa, California 92626-1998
Telephone: 714-641-5100
Facsimile: 714-546-9035

Of Counsel:

Montgomery, McCracken,
  Walker & Rhoads, LLP

Rutan & Tucker, LLP

Attorneys for Plaintiff,
Ribapharm, Inc.

812973v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of June 2002, I caused a true and correct copy of the

foregoing Motion of Plaintiff Ribapharm, Inc. for Expedited Discovery Concerning Venue, with

proposed form of Order and accompanying memorandum of law, on defendant's counsel as

indicated below:

**<u>BY HAND DELIVERY</u>**
Thomas B. O'Brien, Jr.
Joseph B. Silverstein
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
Philadelphia, PA  19103

**<u>BY FEDERAL EXPRESS AND FACSIMILE</u>**
Steven A. Maddox
McDermott, Will & Emery
600 Thirteenth Street, N.W.
Washington, D.C.  20005-3096


_____
Michael K. Twersky